**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

United States District Court
Southern District of Texas
**ENTERED**
April 18, 2025
Nathan Ochsner, Clerk

|  |  |  |
|---|---|---|
| UNITED STATES DEPARTMENT OF HOMELAND SECURITY, IMMIGRATION AND CUSTOMS ENFORCEMENT, | § § § § § § | |
|  | § | CIVIL NO.: 4:25-cv-1782 |
| Plaintiff, | § | |
| v. | § | |
|  | § | |
| ALBERTO RODRIGUEZ-ISIDOR, | § | |
|  | § | |
| Defendant. | § | |
|  | § | |

## ORDER

On April 17, 2025, Plaintiff U.S. Department of Homeland Security, Immigration and Customs Enforcement ("ICE") filed a Complaint and Ex Parte Application for Emergency Temporary Restraining Order to allow Plaintiff to immediately (1) involuntarily hydrate Defendant; (2) perform blood draws; (3) perform all necessary physical examinations; (4) perform oral feedings through a nasogastric tube, if medically necessary and indicated; and (5) restrain Defendant Alberto Rodriguez-Isidor. The motion is supported by the declarations of ICE Deportation Officer (DO) Phillip Wiseman, ("Wiseman Decl.") and Dr. Laura Stella, ("Stella Decl."). According to those declarations, Defendant has been classified as being on a hunger strike since on or about April 11, 2025. Defendant is at risk of suffering severe injuries or death as a result of his hunger strike. In Dr. Stella's medical opinion, given the duration of the hunger strike and Defendant's physical condition, involuntarily hydration, blood draws, and physical examinations, are now necessary. Ex. 2 at ₱ 18. Dr. Stella believes that oral feedings through a nasogastric tube, if medically necessary and

indicated by the examinations and laboratory results may be needed for the health and safety of the Defendant. *Id.* at ¶ 21.

Plaintiff is requesting an order allowing medical professionals to (1) involuntarily hydrate Defendant; (2) perform blood draws; (3) perform all necessary physical examinations; (4) perform oral feedings through a nasogastric tube, if medically necessary and indicated; and (5) restrain Defendant Alberto Rodriguez-Isidor., in order to prevent injury, organ failure, and/or death due to his self-imposed hunger strike. The Government has represented that delaying this proceeding to serve the Defendant and allow him to respond would delay needed medical attention.

The Court finds that Government is likely to succeed in showing that its interests in preserving life and discharging its duties to care for those in its custody outweigh any interest Defendant might have in expressing himself through a hunger strike. *See, e.g., Grand Jury Subpoena John Doe v. United States*, 150 F.3d 170, 172 (2d Cir. 1998) (per curiam) (holding that force-feeding detainee on hunger strike does not violate his constitutional rights as "the preservation of life, prevention of suicide, and enforcement of prison security, order, and discipline, outweigh the constitutional rights asserted by" the detainee); *In re Soliman*, 134 F. Supp. 2d 1238, 1253–58 (N.D. Ala. 2001) (same). The Court also concludes that the other requirements for a temporary restraining order are met —there is a likelihood of irreparable harm, the balance of hardships tips in favor of the Government, and public policy favors preserving Defendant's life and health.

For the foregoing reasons, the Court **GRANTS** Plaintiff's Ex Parte Application for

2

Emergency Temporary Restraining Order. It is hereby **ORDERED** that: competent medical professionals may: (1) involuntarily hydrate Defendant; (2) perform blood draws; (3) perform all necessary physical examinations; (4)  perform oral feedings through a nasogastric tube, if medically necessary and indicated; and (5) restrain Defendant Alberto Rodriguez-Isidor in order to prevent injury, organ failure, and/or death due to his self-imposed hunger strike.

It is so Ordered. Signed on April 18, 2025 in Houston, Texas.



Alfred H. Bennett

United States District Court Judge

3